UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

CHRISTIAN LACY TEDDER,
  *Defendant-Appellant.*

No. 01-4479

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-97-66)

Submitted: March 28, 2002

Decided: May 10, 2002

Before WIDENER, WILKINS, and LUTTIG, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Stephen M. Horn, Acting United States Attorney, John L. File, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

### OPINION

PER CURIAM:

Christian L. Tedder appeals the district court's order revoking his supervised release and imposing a six-month sentence, to be followed by thirty months on supervised release. We affirm.

The district court found that Tedder had violated two conditions of supervised release. First, he failed to report a change of employment status to his probation officer. He concedes this technical violation. Second, the district court found that Tedder committed a crime, in violation of a general condition of release. Specifically, the court found that Tedder violated W. Va. Code Ann. § 61-8-16 (Michie 2000) by making repeated phone calls to Brenda Matthews with the intent to harass her and by making a threat against his ex-wife, Melissa Tedder, during one of the harassing phone calls. On appeal, Tedder argues that the evidence did not support the finding that he had threatened Melissa Tedder during a call to Ms. Matthews.

A district court need find only by a preponderance of the evidence that a defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3) (1994). We review the decision to revoke supervised release for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992).

Here, there is no dispute that Tedder called Ms. Matthews approximately six times in the early morning hours of May 19, 2001. Ms. Matthews hung up on him several times, only to have Tedder call her back. During their conversations, Tedder inquired about his ex-wife and her relationship with another man, among other things.

The relevant statute provides that "[i]t shall be unlawful for any person with intent to harass or abuse another by means of telephone to . . . [m]ake repeated telephone calls, during which conversation

ensues, with intent to harass any person at the called number." W. Va. Stat. Ann. § 61-8-16(a)(4). Here, the requisite intent can be inferred from Tedder's serial phone calls during which he was at times "hateful," as Ms. Matthews reported to Tedder's probation officer. This behavior supports the district court's finding by a preponderance of the evidence that Tedder violated the statute.

The district court also found that Tedder had threatened his wife during one of his conversations with Ms. Matthews when, after inquiring about his ex-wife, he said that he had already violated the terms of his release (presumably by using illegal drugs and/or alcohol) and that as long as he was going back to prison he would make his binge "worth his while." The district court agreed with the probation officer that this was an implied threat against Ms. Tedder. The court supported this finding with its observation that Ms. Tedder seemed afraid of her husband, its credibility determination in favor of the probation officer, who testified that he and Ms. Matthews construed Tedder's words as threatening, and its recognition of Tedder's history of violence towards women.

It is unlawful for a person "with intent to harass or abuse another by means of telephone to . . . threaten to commit a crime against any person." W. Va. Code Ann. § 61-8-16(a)(5). Contrary to Tedder's argument, there is enough evidence in the record to support the finding that Tedder's statement during one of his harassing phone calls to Ms. Matthews constituted a threat against his ex-wife and a violation of West Virginia law.

In light of Tedder's several violations of the terms of his supervised release, the district court did not abuse its discretion in revoking supervision and imposing a six-month sentence, to be followed by thirty months of supervised release. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*